UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANTHONY HEATH BAKER                                        Plaintiff

v.                                           Civil Action No. 3:18-CV-P471-RGJ

MICHAEL JARDEN *et al.*                                     Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, this action will be dismissed in part and allowed to continue in part.

### I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at Kentucky State Reformatory (KSR). He brings this action against four individual Defendants whom he indicates are employed at KSR - Michael Jarden, Medical Director; Tanya Young, psychologist; Dawn Patterson, Health Services Administrator; and Christy Jolly, administrative specialist. He sues these Defendants in both their official and individual capacities. Plaintiff also names as Defendants "all other unknown John, Mary Does."

In his complaint, Plaintiff claims that he is being denied "medical treatment for gender disorder by hormone treatment" in violation of the Eighth Amendment. He specifically alleges that Defendant Jarden "said I would get a appointment to see medical staff however this is incorrect there is no transgender committee here at KSR." Plaintiff also states that although he was informed in response to one of his grievances that he would see his primary care provider on January 17, 2018, for "evaluation [of] the need [for] hormonal therapy those healthcare providers can't give

me the proper hormone therapy and treatment for gender affirming care due to the fact that its beyond [their] educational training." Plaintiff continues: "They are not psychology's or psychiatry's and it's not in the scope of training." Plaintiff then writes: "They did set me up an appointment but I was never called to be evaluated for the transgender medical care . . . ." Plaintiff further alleges that Defendant Dr. Young "saw me about 3 times and has not given me the proper psychological treatments nor has Dr. Shelton when I go and see them."

Plaintiff attaches several grievances to the complaint. Although Plaintiff does not make any specific allegations against Defendants Patterson or Jolly in the complaint, these attachments show that Defendants Patterson and Jolly were the members of the KSR Healthcare Grievance Committee which reviewed a grievance filed by Plaintiff on November 22, 2017. In this grievance, Plaintiff stated that he was "assigned transgender and to deny me necessary medical care is cruel and unusual punishment for my transgender issue." In their Findings and Recommendations as members of the Healthcare Grievance Committee, dated February 2, 2018, Defendants Patterson and Jolly wrote as follows: "The Healthcare Grievance Committee has reviewed your complaint and your medical records. Concur with informal resolution. Your case will be discussed in a multidisciplinary team meeting and you will be scheduled to see the appropriate provider after that."

Plaintiff concludes this portion of his complaint as follows:

Medical staff has refuse to give me the proper treatment they tell me I will get appointment with a multidisciplinary team which there is not at KSR. . . . I never saw the appropriate provider as of this date. I have not had any treatment for transgender disorder.

Plaintiff also claims that his constitutional rights were violated when KSR officials improperly rejected one of his grievances and did not allow him to appeal the "rejection."

As relief, Plaintiff seeks compensatory and punitive damages as well as declaratory and injunctive relief.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Defendants Jarden and Young

Upon preliminary review of the complaint, the Court will allow Eighth Amendment claims for deliberate indifference to a serious medical need to proceed against Defendants Jarden and Young in both their official and individual capacities. In allowing these claims to proceed, the Court passes no judgment on the merit of these claims or the ultimate outcome of this action.

## B. Defendants Patterson and Jolly and Claims Regarding the Grievance Process

It appears that Plaintiff sues Defendants Patterson and Jolly because they were members of the Healthcare Grievance Committee which reviewed one of his grievances. His complaint against them seems to be that their "Findings and Recommendations" in regards to this grievance were never followed. However, this allegation is not sufficient to subject these Defendants to liability under § 1983. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Indeed, a plaintiff's claim is against the subjects of his or her grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same).

Similarly, Plaintiff's allegation regarding the rejection of one grievance and his subsequent inability to appeal this rejection also fails to state a claim upon which relief may granted. This is because there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *see also Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003) ("The mere denial of a prisoner's grievance states no claim of constitutional dimension."); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care.")

For these reasons, Plaintiff's claims against Defendants Patterson and Jolly regarding the handling of one of his grievances, specifically, and against unidentified defendants for the rejection of, and inability to appeal, another grievance will be dismissed for failure to state a claim upon which relief may be granted.

## C. "All Other Unknown John, Mary Does"

Finally, the Court observes that Plaintiff identifies "All Other Unknown John, Mary Does" as Defendants in the caption of the complaint. However, Plaintiff does not make any specific allegations against them in the body of his complaint. Thus, his claims against them fail because the complaint does not describe how any unknown John or Mary Doe was personally involved in the allegedly unconstitutional actions taken against Plaintiff. As such, the Court will dismiss the unknown John/Mary Doe Defendants for failure to state a claim against them upon which relief may be granted. *See, e.g.*, *Iqbal*, 556 U.S. at 676 (holding that a plaintiff must allege that each individual defendant, through his or her own individual actions, violated the Constitution to state a claim under § 1983); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints."); *Hendricks v. Welch*, No. 2:14-cv-1355, 2015 U.S. Dist. LEXIS 73139, at *20-21 (S.D. Ohio June 5, 2015) (dismissing the John/Jane Doe Defendants because the complaint did not indicate how they were personally involved in the alleged unconstitutional conduct).

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against **Defendants Patterson, Jolly, and the "Unknown John, Mary Does"** are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court** is **DIRECTED** to **terminate these Defendants as parties to this action.**

**IT IS FURTHER ORDERED** that Plaintiff's claim regarding the rejection of a grievance, and his inability to appeal such, is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a Service and Scheduling Order consistent with this Memorandum Opinion and Order to govern the development of the continuing claims.

Date:

cc: Plaintiff, *pro se*
      Defendants
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
A961.011