UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANTHONY HEATH BAKER                                               Plaintiff

v.                                              Civil Action No. 3:18-cv-P471-RGJ

MICHAEL JORDAN, *et al.*                                        Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This is a 42 U.S.C. § 1983 *pro se* prisoner civil rights action. This matter is before the
Court upon a motion by Plaintiff for leave to file an amended complaint (DN 29).

### I. PROCEDURAL HISTORY AND SUMMARY

Plaintiff is incarcerated at Kentucky State Reformatory (KSR). Upon initial review of
Plaintiff's complaint, the Court allowed Eighth Amendment claims for deliberate indifference to
a serious medical need to proceed against KSR Medical Director Michael Jordan and KSR
psychologist Dr. Tanya Young, in both their official and individual capacities. These claims are
based upon Plaintiff's allegations that these Defendants are failing to provide appropriate medical
treatment for his gender dysphoria.

On March 14, 2019, Plaintiff filed a letter with the Court in which he indicated that his
primary care physician and other officials at KSR were retaliating against him for filing this
lawsuit. The Court advised Plaintiff that if he sought to assert retaliation claims in this action, he
must file a motion for leave to file an amended complaint and a proposed amended complaint. The
Court instructed Plaintiff that, in the amended complaint, he must name as Defendants any
individuals who he alleges retaliated against him for filing this action; identify these persons by
name; specify that he is suing these persons in their individual capacities; and describe how each

person allegedly retaliated against him by including such details such as which person purportedly did what and when.

Plaintiff has now filed the proposed amended complaint. Plaintiff newly names the Kentucky Department of Corrections (KDOC) and four KSR officials as Defendants – Daniel W. King, Steven Shelton, Joshua Schank, and Ricardo E. Aranda, in both their official and individual capacities.

Plaintiff first makes allegations concerning an incident that he alleges occurred in 2015. Plaintiff states that another inmate sexually assaulted him, but that Plaintiff received a disciplinary write-up. He writes: "Supervisor Schank Housing Unit Staff Aranda Ricardo the one who invg it and wrote me 4 3-11 physical action/force against other inmate w/ no injury. Daniel King would not let me speak to state police over rape." Plaintiff alleges that KSR officials failed to protect him from this inmate under "PREA," the Prison Rape Elimination Act, even though they knew he was "at risk" because he was "transgender." As relief for these alleged wrongs, he seeks the restoration of his "good time" for his disciplinary write-up and expungement of his disciplinary records.

Finally, Plaintiff alleges that his primary care physician refuses to fill certain medications and that Dr. Young refuses to move him into a single cell.

Plaintiff concludes by stating, "I want the retaliation to stop."

## II. LEGAL STANDARD

Fed. R. Civ. P. 15(a)(2) allows a party to amend its pleading with leave from the Court. Although Rule 15(a)(2) provides that a court should freely give leave to amend when justice so requires, Fed. R. Civ. P. 15(a)(2), "'[a] motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the

opposing party, or would be futile.'" *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Skipper v. Clark*, 150 F. Supp. 3d 820, 829 (W.D. Ky. 2015) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).

## III. ANALYSIS

At the outset of its analysis, the Court notes that although it allowed Plaintiff to amend his complaint to set forth allegations against, and name as Defendants, any individuals who have allegedly retaliated against him for filing the instant action, Plaintiff does not make any specific allegations regarding retaliation in the proposed amended complaint. Nonetheless, the Court will address the allegations he does make.

### A. Failure-to-Protect Claim

Plaintiff first claims that KSR officials failed to protect him from being sexually assaulted by another inmate in 2015. The Eighth Amendment imposes a duty on corrections officers to take reasonable measures "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). However, this claim is barred by the statute of limitations.

Because 42 U.S.C. § 1983 does not provide its own statute of limitations, federal courts "borrow" the applicable limitations period from the state where the events occurred. *Owens v. Okure*, 488 U.S. 235, 239 (1989). For constitutional torts committed in Kentucky, the one-year limitations period under K.R.S. § 413.140(1)(a) for bringing general personal injury actions applies. *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 181-82 (6th Cir. 1990). Federal law governs when the statute of limitations begins to run. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir.

1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). A cause of action accrues when "the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Collyer*, 98 F.3d at 220; *see also Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991); *Sevier*, 742 F.2d at 273.

Plaintiff's Eighth Amendment failure-to-protect claim accrued in 2015, when he alleges that the sexual assault occurred. Plaintiff, however, did not initiate this action until July 2018, long after the one-year statute of limitations had expired. Thus, this claim is barred by the statute of limitations.

### B. Restoration of "Good Time"

The Court next turns to Plaintiff's request for the restoration of the "good time" he lost as a result of allegedly wrongful disciplinary write-up he received based upon events that occurred during his alleged assault in 2015.

> [A] claim seeking the restoration of good-time credits affects the fact or duration of confinement, and must be brought in a habeas action. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). A prisoner may not bring a claim under 42 U.S.C. § 1983 to obtain declaratory or injunctive relief for the restoration of good time credits. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005).

*Sango v. Johnson*, No. 14-2294, 2015 U.S. App. LEXIS 23046, at *5 (6th Cir. Nov. 5, 2015). Thus, because this is § 1983 action and not a *habeas* action, Plaintiff may not seek the restoration of his good-time credits here.

### C. New Medical Allegations

Finally, the Court turns to Plaintiff's newly brought medical allegations. Plaintiff first alleges that his primary care provider refuses to provide him with certain medications that he requires. This claim fails because Plaintiff has not named his primary care provider as a defendant

in this action. Plaintiff also alleges that Defendant Dr. Young refuses to place him in a single cell. The Court, however, can discern no constitutional claim based upon this general allegation.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file an amended complaint (DN 29) is **DENIED** as futile.

Date:

cc: Plaintiff, *pro se*
      Counsel of Record
A961.011