UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANTHONY HEATH BAKER                                                                    Plaintiff
AKA ASHLEY HEATH BAKER

v.                                                                  Civil Action No. 3:18-cv-471

MICHAEL JORDAN, *ET AL*.                                                           Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant John Brinker ("Brinker") moved to dismiss plaintiff Anthony Health Baker's ("Baker")[1] official capacity claim [DE 90], and Baker responded [DE 91]. Brinker filed a Motion for Leave to File a Reply [DE 94], which attached a copy of his Reply as Exhibit 1 [DE 94-1]. The Court granted Brinker's Motion for Leave and will consider the arguments set forth in his Reply. [DE 96]. Briefing is complete, and the motion is ripe. For the reasons below, Brinker's Motion for to Dismiss [DE 90] is **DENIED**.

**I.       BACKGROUND**

Baker, an inmate in the Kentucky State Reformatory ("KSR"), identifies as a transgender woman. [DE 91 at 791]. In July 2018, Baker sued Defendants Michael Jordan and Dr. Tanya Young. [DE 1]. Baker alleges that Defendants Michael Jordan ("Jordan"), KSR's Health Services Administrator ("HSA"), and Dr. Young, Baker's treating psychologist, violated her Eighth Amendment rights by failing to provide hormone treatment for her "transgender disorder." [*Id.* at

---

[1] Baker is anatomically male and was assigned the male sex at birth, but identifies as a woman and goes by the name Ashley. Baker requests to be identified using female pronouns. The Court respects Baker's wishes and will refer to her using female pronouns throughout this Opinion. *See Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *1 n.1 (6th Cir. Jan. 28, 1997) (adopting a biologically male plaintiff's usage of "the feminine pronoun to refer to herself"); *Fisher v. Fed. Bureau of Prisons*, 484 F. Supp. 3d 521, 528 (N.D. Ohio 2020) (same).

1

5.]. Jordan no longer serves as HSA at KSR, so Brinker has provided notice of his substitution as the defendant on the official capacity claims, ostensibly because he replaced Jordan as HSA at KSR. [DE 89]. Baker's claims against Jordan are based on allegations that he, as HSA at KSR, implemented a medical system that failed to provide Plaintiff with appropriate care for a diagnosed medical condition in violation of her Eighth Amendment rights. [DE 91 at 792]. Baker asserts that because Jordan was an employee of Wellpath, the official capacity claims for injunctive relief have always been, in effect, claims against Wellpath. [*Id.*]. However, Brinker disputes this claim and argues that Baker has never asserted a claim against Wellpath. [DE 94-2 at 902].

Baker was released from incarceration in September 2020. [DE 90 at 787]. Baker has since been re-incarcerated and put back in the custody of the Kentucky Department of Corrections. [*Id.*]. It is undisputed that Baker is now being housed the Little Sandy Correctional Complex ("LSCC"). LSCC is one of many correctional facilities operated by the Kentucky Department of Corrections to house adult inmates. [DE 91 at 792]. During the relevant timeframe and continuing through the present, Correct Care Solutions has had the state contract to provide inmate medical services for the Department of Corrections. [*Id.* at 793]. Correct Care Solutions is now known as Wellpath. [*Id.*]. Wellpath's contract with the Department of Corrections appears to cover medical services as KSR and LSCC. [*Id.*].

On August 25, 2021, the Court reopened discovery in this action. [DE 80]. The permitted discovery encompasses any policies, procedures or training in effect at KSR that could have affected Baker's ability to receive treatment for gender dysphoria. [*Id.* at 720]. Discovery related to this action is still ongoing. [DE 91 at 793].

## II.     BRINKER'S MOTION TO DISMISS

Brinker argues that Baker's official capacity claim seeking injunctive relief against KSR's HSA should be dismissed because Baker is no longer housed at KSR. [DE 90 at 787].

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To properly state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

**B. Analysis**

Brinker argues that Baker's official capacity claim seeking injunctive relief against KSR's HSA should be dismissed because Baker is no longer housed at KSR. [DE 90 at 787]. Baker contends that her official capacity claims are, in effect, claims against Wellpath, not simply the HSA at KSR. [DE 91 at 792]. Therefore, the Court can still provide meaningful injunctive relief even though Baker is now housed at LSCC. [*Id.*].

"Generally, an inmate's release from prison or transfer to another prison moots his request for injunctive relief." *Hicks v. Williams*, 2021 WL 2784463, at *4 (W.D. Ky. July 2, 2021) (citing *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's § 1983 claims for injunctive relief became moot after he was transferred to another facility)). However, the prisoner's claim may not be rendered moot if the location where the prisoner was transferred relied on the previous prison's decision to continue the status quo. *See, e.g.*, *Colvin v. Caruso*, 605 F.3d 282, 295 (6th Cir. 2010).

The Sixth Circuit's decision in *Colvin* is instructive. In *Colvin*, an inmate brought claims against prison officials at the Alger Maximum Correctional Facility ("LMF") who were allegedly responsible for denying him kosher meals for a 16-day period because they believed he was not eligible for the program. *Id*. at 286. Colvin, the inmate, was later transferred to another correctional facility. *Id.* The Court held Colvin's claims for declaratory and injunctive relief based on the 16-day deprivation were moot "because Colvin's requests were directed specifically at LMF's policies and procedures and were not targeted at the MDOC koshermeal program as a whole." *Id*. at 289. By contrast, the Sixth Circuit held that Colvin's claims based on his wrongful removal from the kosher meals program, and lack of reinstatement, were not mooted by his transfer to another facility. *Id.* at 295. Evidence indicated that Colvin's new correctional facility had

relied on LMF's removal of Colvin from the kosher meals program to justify continuing the status quo. *Id.*

In this action, Baker asserted claims against Jordan, now Brinker, in his official capacity for denying access to medical treatment for her gender dysphoria. [DE 1]. Although Baker was released a re-incarcerated, like Colvin, she now finds herself housed at a different correctional facility. [DE 90 at 787]. There is no evidence that Baker is now receiving treatment for her gender dysphoria at LSCC. Drawing all reasonable inferences in favor of the non-moving party, the Court cannot dismiss Baker's claims against Brinker at this stage. *Total Benefits Plan. Agency, Inc.*, 552 F.3d at 434. As in *Colvin*, LSCC may have relied on KSR's decision not to provide Baker medical treatment for her gender dysphoria to maintain the status quo. *See Colvin*, 605 F.3d at 295. This is not a situation where the Court is presented with no law that supports the claims asserted or a complaint that presents an insurmountable bar to relief. *Southfield Educ. Ass'n*, 570 F. App'x at 487. Because the Court will deny Brinker's Motion to Dismiss on other, unrelated grounds, the Court will not address Baker's argument that her claims are ultimately against Wellpath. Brinker's Motion to Dismiss is **DENIED.**

### III.   CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1)   Brinker's Motion to Dismiss [DE 90] is **DENIED**.

*Rebecca Grady Jennings, District Judge*
United States District Court
April 18, 2022

Copes to:   Counsel of record