UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANTHONY HEATH BAKER                                                                    Plaintiff
AKA ASHLEY HEATH BAKER

v.                                                                        Civil Action No. 3:18-cv-471

MICHAEL JORDAN *ET AL.*                                                            Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendants Michael Jordan and John Brinker ("Defendants") objected to portions of the Magistrate Judge's December 7, 2021 ruling and moved to vacate. [DE 95]. Plaintiff Anthony Baker ("Baker")[1] responded to Defendants' objections and motion to vacate. [DE 97]. Defendants did not reply. Briefing is complete, and the motion is ripe. For the reasons below, Defendants' Objection and Motion to Vacate [DE 95] is **DENIED**.

**I.      BACKGROUND**

Baker, an inmate in the Kentucky State Reformatory ("KSR"), identifies as a transgender woman. [DE 73 at 626]. Baker alleges that Defendants, including Dr. Young, violated her Eighth Amendment rights by failing to provide hormone treatment for her "transgender disorder." [DE 1 at 5]. Defendants moved for summary judgment [DE 42, 53], and Baker filed her pro se response [DE 63] without the assistance of counsel. The Court appointed Counsel to represent Baker [DE

---

[1] Baker is anatomically male and was assigned the male sex at birth, but identifies as a woman and goes by the name Ashley. Baker requests to be identified using female pronouns. The Court respects Baker's wishes and will refer to her using female pronouns throughout this Opinion. *See Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *1 n.1 (6th Cir. Jan. 28, 1997) (adopting a biologically male plaintiff's usage of "the feminine pronoun to refer to herself"); *Fisher v. Fed. Bureau of Prisons*, 484 F. Supp. 3d 521, 528 (N.D. Ohio 2020) (same).

67], who then sought leave to file a supplemental response to the motions for summary judgment. [DE 70]. The Court granted leave [DE 72], and counsel filed a supplemental response. [DE 73].

On July 27, 2021, the Court ordered briefing concerning whether discovery should be reopened to permit Baker to properly respond to Defendants' motions for summary judgment. [DE 77]. After receiving the requested briefing [DE 78, 79], the Court ordered that discovery would be re-opened for limited purposes:

> The Court is re-opening discovery but is limiting it to the specific information identified and sought by Baker. Both parties may conduct additional discovery on these specified issues as the information sought by Baker may require Defendants to seek additional discovery on these same topics.
> . . .
>
> For these reasons, **IT IS ORDERED** that:
> Discovery is **RE-OPENED** so that the parties may conduct the following additional discovery: depose medical professionals who were directly involved in treating [Baker], depose prison officials who were directly involved in handling the grievance that is the basis of this lawsuit, and send written discovery to identify other prison officials who may know about this grievance. This written discovery may include requests for documents related to KSR policies, KSR staff training on transgender issues, and data on outcomes of other people incarcerated at KSR who have sought hormone replacement therapy.

[DE 80, at 719, 720]. On September 30, 2021, Defendant Jordan served his First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions. [DE 85-1]. They consisted of 15 Interrogatories, five requests for admissions, and nine requests for production of documents. [DE 97 at 924]. Defendant Jordan also moved for leave to take Baker's in-custody deposition. [DE 83]. Baker opposed the deposition [DE 84] and moved for a protective order [DE 85] asserting that the requested discovery was neither contemplated nor permitted by the express terms of this Court's Order [DE 80]. The Magistrate Judge denied leave to depose Baker. [DE 92]. Further, the Magistrate Judge denied Baker's motion for a protective order and ordered her to respond to a subset of Defendant Jordan's written discovery requests (Interrogatories 3, 4, 12 and

15). Defendants now object to the Magistrate Judge's Order and have moved to vacate portions of the ruling. [DE 95].

## II. DEFENDANTS' MOTION TO VACATE

Defendants argue that the Magistrate Judge incorrectly held that (a) Interrogatory Nos. 13 and 14; (b) all five of the Requests for Admission; and (c) Request for Production of Documents Nos. 1, 2, 8, and 9 were outside the scope of this Court's Order. [*Id.* at 913]. Defendants also claim that the Court's Order [DE 80] does not preclude them from deposing Baker. [DE 95 at 917].

### A. Standard of Review

The Court referred this action to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(A) for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues. [DE 80]. A party may object to a magistrate judge's non-dispositive order within fourteen days. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). When a party timely objects to a magistrate judge's non-dispositive order, this Court "has authority to 'reconsider' the determination, but under a limited standard of review." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citing 28 U.S.C. § 636(b)(1)(A)). Under that standard, a magistrate judge's determination must be affirmed unless the objecting party shows that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (implementing statutory directive). Factual findings are reviewed under the clearly erroneous standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* per curiam, 19 F.3d 1432 (6th Cir. 1994) (unpublished table disposition). The Magistrate Judge's legal conclusions are reviewed under the contrary to law standard. *Gandee*, 785 F. Supp. at 686. A legal conclusion is contrary to law if it contradicts

or ignores applicable precepts of law. *Id.* citing *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983).

### B. Magistrate Judge's Order Granting, In Part, Baker's Motion for a Protective Order.

Defendants claim that the Magistrate Judge's ruling did not explain the basis for the conclusion that certain discovery requests were beyond the scope of permitted discovery. [DE 95 at 913]. Baker asserts that the Magistrate Judge correctly omitted the certain requests for discovery. [DE 97 at 925]. As explained below, the Magistrate Judge's ruling was well-reasoned and not contrary to law.

#### i. Interrogatory Nos. 13 and 14.

Defendants claim that Interrogatory Nos. 13 and 14 are within the scope of the Courts order. [*Id.*]. Interrogatory Nos. 13 and 14 request the following:

> 13. Please identify the specific acts and/or omissions upon which you allege that Defendant Jordan is liable to you for damages, including for punitive damages.
>
> 14. Please identify all medical providers, including mental health providers, that provided any healthcare to you following your release from custody in September, 2020 until your re-incarceration. For each such treatment, identify the location, address, and telephone number where you received the treatment, and the dates upon which you received the treatment.

[DE 85-1 at 745].

The Magistrate Judge reasoned that these discovery requests were beyond the scope of the Court's Order and omitted the Interrogatory Nos. 13 and 14. [DE 92 at 897]. The Magistrate Judge correctly omitted Interrogatory Nos. 13 and 14 because both Interrogatories are outside the scope of the Court's permitted discovery. [DE 80 at 720]. The Court has not permitted additional discovery regarding Baker's treatment after she was released in September 2020, or discovery as broad as Interrogatory No. 13. [*Id.*]. Therefore, under the Court's limited review, *Massey*, 7 F.3d

4

at 509, the Magistrate Judge's ruling was not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Additionally, the Court will not exercise its discretion to modify or rescind the Order [DE 80] defining the parameters of discovery. *Cincinnati Ins. Co. v. Richie Enter. LLC*, No. 1:12-CV-00186-JHM-HBB, 2014 WL 3513211, at *2 (W.D. Ky. July 16, 2014) (citing *Leelanau Wine Cellars Ltd. v. Black & Red, Inc.,* 118 F. App'x 942, 945–46 (6th Cir. 2004). Defendants' objection to Interrogatory Nos. 13 and 14 is **DENIED.**

      *i. Requests for Admission Nos. 1 Through 5.*

Defendants object to the Magistrate Judge's ruling that their Requests for Admission ("RFAs") were beyond the scope of permissible discovery. [DE 95 at 915]. RFAs 1 through 5 include:

> 1. Please admit that on July 18, 2018, you were an inmate of the Ky. Department of Corrections residing at Kentucky State Reformatory.
>
> 2. Please admit that Grievance No. 17-1355, which you submitted while incarcerated at KSR, is the administrative grievance upon which your claims in this lawsuit are based.
>
> 3. Please admit that you did not complete all of the steps of the administrative grievance process for Grievance No. 17-1355 set forth in CPP § 14.6 prior to filing this lawsuit.
>
> 4. Please admit that you did not name Defendant Michael Jordan in Grievance No. 17-1355.
>
> 5. Please admit that you did not name Defendant Michael Jordan in any administrative appeals related to Grievance No. 17-1355.

[DE 85-1 at 746].

All of the Defendants' RFAs omitted by the Magistrate Judge relate to Baker's grievance. [*Id.*]. The Magistrate Judge correctly held that none of the RFAs are within the scope of permissible discovery. When the Court re-opened discovery, it allowed the parties to "depose

5

prison officials who were directly involved in handling the grievance that is the basis of this lawsuit, and send written discovery to identify other prison officials who may know about this grievance." [DE 80 at 720]. Discovery related to Baker's grievance was limited to prison officials and did not include Baker. [*Id.*]. Therefore, the Magistrate Judge's ruling was not "clearly erroneous or contrary to law" because Defendants' RFAs were outside the scope of permissible discovery. 28 U.S.C. § 636(b)(1)(A). Defendants' objection to RFAs 1 through 5 is **DENIED.**

> *ii. Requests for Production of Documents 1, 2, 8, and 9.*

Defendants also argue that their four Requests for Production ("RFPs") were within the scope of permissible discovery and should not have been omitted by the Magistrate Judge. [DE 95 at 916]. The four RFPs include:

> 1. Produce and attach to your responses, any and all correspondence (whether written or electronic), including grievances or other documents, sent by Plaintiff to jail and/or prison officials, medical practitioners, medical care providers, medical facilities, or other third parties relating to claims asserted in this litigation.
>
> 2. Produce and attach to your responses, any and all correspondence (whether written or electronic), including grievance dispositions or other documents, received by Plaintiff from jail and/or prison officials, medical practitioners, medical care providers, medical facilities, or other third parties relating to the claims asserted in this litigation.
>
> 8. Produce and attach copies of any and all documents relied upon in answering any of the Interrogatories contained herein.
>
> 9. Produce and attach any and all documents that support any of your answers to the Interrogatories including, but not limited to: grievances submitted relating to Plaintiff's claims.

[DE 85-1 at 747–48].

The RFPs seek documents sent or received by Baker related to her grievance (RFPs 1 & 2) and documents related to Interrogatories Defendants served on Baker (RFPs 8 & 9). [*Id.*]. RFPs 1 and 2 are outside the scope of permissible discovery because the Court's Order limited discovery

regarding Baker's grievance to prison officials who were either directly involved in responding to the grievance or knew about the grievance. [DE 80 at 720]. Similarly, RFPs 8 and 9 exceed the limited scope of discovery permitted by the Court. Courts in the Sixth Circuit have held that RFPs seeking all documents relied on in addressing interrogatories is so broad as to exceed the normal bounds of discovery. *See, e.g.*, *Powerhouse Licensing, LLC v. Check Free Servs. Corp.*, No. 12-cv-13534, 2013 WL 1209971, at *4 (E.D. Mich. 2013); *see also* Fed. R. Civ. P. 34(b)(1)(A) (The RFP "must describe with reasonable particularity each item or category of items to be inspected."). Here, the Court has set clear, limited parameters for discovery. [DE 80]. The Magistrate Judge's ruling that the above RFPs exceeded the scope of permitted discovery was not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Defendants' objection to RFPs 1, 2, 8, and 9 is **DENIED.**

### C. Magistrate Judge's Order Denying Defendants' Motion to Conduct an In-Custody Deposition.

Defendants are not entitled to depose Baker. Defendants argue that the Magistrate Judge should have granted their in-custody deposition of Baker because it was within the scope of permitted discovery. [DE 95 at 917]. Alternatively, Defendants argue that the Court should amend its discovery order because they will suffer severe prejudice if not allowed to depose Baker. [*Id.* at 918]. Baker contends that the Magistrate Judge correctly held that an in-custody deposition was not contemplated in the Court's Order. [DE 97 at 926].

The Court's Order re-opening discovery allowed the parties to "depose medical professionals who were directly involved in treating [Baker and] depose prison officials who were directly involved in handling the grievance that is the basis of this lawsuit." [DE 80 at 720]. Baker is not within either category of deponents identified by the Court. [*Id.*]. Defendants continue to

7

note that the decision not to depose Baker during the initial discovery period was before she was represented by Counsel. [DE 95 at 919]. The Magistrate Judge correctly held that there is little logic in this argument. [DE 92 at 895]. Because this is a civil action, neither the parties nor the Court could predict whether Baker would receive counsel or continue to represent herself pro se. *See Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) ("The appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances."). The Magistrate Judge's ruling was not "clearly erroneous or contrary to law" because Baker's in-custody deposition was not contemplated in the Court's Order. 28 U.S.C. § 636(b)(1)(A).

Defendants' contention that they will suffer severe prejudice if they are not allowed to depose Baker at this stage is unfounded. Defendants have been afforded an equal opportunity to engage in discovery. Although discovery is limited, the Court's Order explicitly states that "[b]oth parties may conduct additional discovery on these specified issues." [DE 80 at 719]. Defendants are entitled to seek discovery within the same scope as available to Baker. [*Id.*]. Defendants moved for summary judgment prior to requesting an in-custody deposition, signaling to the Court that they believed the existing record supported judgment in their favor. [DE 42, 53]. The District Court has broad discretion over the scope of discovery. *See Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). The Court will not exercise its discretion to modify or rescind the Order [DE 80] defining the parameters of discovery to include Baker's in-custody deposition. *See Cincinnati Ins. Co.*, 2014 WL 3513211, at *2. Therefore, Defendants' Objection and Motion to Vacate the Magistrate Judge's ruling related to Baker's in-custody deposition is **DENIED.**

### III. CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Defendants' Objection and Motion to Vacate [DE 95] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

April 18, 2022

Copes to: Counsel of record